UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CLARENCE A. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:10-269-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC HOLDER, JR., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Clarence A. Brown, who is confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his federal sentence, R. 2. He has also filed a motion seeking a preliminary injunction directing FMC-Lexington officials to place him in a Residential Re-entry Center ("RRC") for a twelve-month term, R. 3[1]; a motion to temporarily restrain federal officials from taking certain actions, *Id.*; and a motion for a declaratory judgement, R. 4. Brown has paid the $5.00 filing fee.

Under 28 U.S.C. § 2243, the Court must dismiss a § 2241 petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). For the reasons set forth below, the Court will deny Brown's §2241 petition

---

[1] Prisoners near the end of their sentences are often placed in RRC's, previously known as Community Corrections Centers (CCC's) or "halfway houses" to live and work, under supervision, in order to facilitate their transition back into the community.

1

for prematurely filing this action prior to the exhaustion of his administrative remedies, and will dismiss this action without prejudice. The Court will address Brown's motions seeking injunctive and declaratory relief by separate Order.

## BACKGROUND

On October 24, 2007, Brown was convicted of committing federal drug offenses. *United States v. Brown*, No. 1:07-CR-20451-MGC (S.D. Fla.). He was sentenced to a sixty-month prison term, which he is currently serving, plus a four-year term of supervised release. *See* Judgment in a Criminal Case, *Id.*, R. 59. According to the the Bureau of Prisons' ("BOP") website, www.bop.gov, Brown's projected release date is December 30, 2011.

Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), BOP staff must review inmates for halfway house placement 17-19 months before their projected release dates and individually consider inmates for such placement using the five factors listed in 18 U.S.C. § 3621(b). FMC-Lexington Staff timely considered Brown for such placement and concluded that a 180-day RRC placement term, commencing on or about June 30, 2011, was appropriate. Brown demands a 12-month RRC placement, commencing on December 28, 2010.

Brown first pursued an Informal Resolution of his demand for a twelve-month RRC placement. On April 20, 2010, Brown's Unit Counselor denied the request on the grounds that Brown was ineligible for an RRC placement term in excess of six months. R. 2-2, p. 3. Brown then appealed to Warden Hickey by filing Remedy No. 58023-F1. In her May 12, 2010, response, Hickey affirmed the Unit Team's decision. *See* R. 2-2, p. 9. She explained that RRC placement is determined on an individual basis according to the following factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of

the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

After applying the five criteria of the Second Chance Act to Brown, Hickey determined that the Unit Team had properly applied the Second Chance Act criteria; that the 180-day RRC placement term would meet Brown's pre-release needs; and that the 180-day RRC term would enable him "to take full advantage of transitional services and programs." *See Id*.

Brown then filed a BP-11 appeal to the BOP Mid-Atlantic Regional Office ("MARO"). On July 7, 2010, the C. Eichenlaub, Regional Director of the MARO, denied Brown's BP-10 appeal. R. 2-2, p. 13. Eichenlaub concluded that Brown's Unit Team had considered him for RRC placement using the five factors outlined in the Second Chance Act; that there was no reason to deviate from the Unit Team's conclusion given Brown's history and characteristics; and that a 180-day RRC placement term was sufficient to meet Brown's transitional needs. On July 7, 2010, Brown submitted a BP-11 appeal to the BOP Central Office. Brown filed the instant § 2241 petition on August 5, 2010.

## ALLEGATIONS OF THE PETITION

In his § 2241 petition, Brown challenges the BOP's decision to deny him placement in a RRC for a twelve-month term. Brown contends that under the Second Chance Act, he is entitled to a twelve-month term in an RRC, and that the BOP's refusal to provide it violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

Brown alleges that FMC-Lexington staff and the BOP have refused to apply the five criteria set forth in 18 U.S.C. § 3621(b) to his specific facts and circumstances; that the staff has refused to submit to the Community Correctional Management ("CCM") Office the documentation necessary

3

for him to be considered for a twelve-month RRC placement; and that the BOP has impermissibly created a sixth criterion, not authorized by 18 U.S.C. § 3621(b), which compels an inmate to demonstrate the existence of extraordinary circumstances in order to justify any RRC placement beyond six months.

Further, Brown challenges the Second Chance Act itself, claiming that it violates the Notice and Comment provisions of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). He contends that internal BOP memoranda incorrectly instruct that a 180–day RRC usually meets an inmates' placement needs, and that the BOP Director must approve any placements exceeding that time period. Brown requests a preliminary injunction directing the FMC-Lexington to submit to the CCM a 12-month RRC referral for him, and a temporary restraining order prohibiting the Department of Justice from following any internal memoranda relative to the Second Chance Act.

In his motion for declaratory judgment, Brown reiterates the RRC arguments in his § 2241 petition and motion for preliminary injunctive relief, urging the Court to follow *Colton v. Ashcroft*, 299 F. Supp.2d 691 (E.D. Ky. 2004). In *Colton*, this Court granted relief to a federal prisoner demanding immediate RRC placement under § 2241.

## **DISCUSSION**

The BOP's administrative remedy scheme is set forth in 28 C.F.R. § 542.10-19.[2] Federal

---

[2] Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See id*. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal by filing a BP-10 form with the Regional Director, and if the inmate is not satisfied with the Regional Director's response, he may appeal by filing a BP-11 form with the Office of General Counsel. *See id*. § 542.15 (a)-(b).

4

prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). While Brown clearly complied with the first two steps of the administrative remedy procedure, he prematurely filed his § 2241 petition.

Administrative exhaustion is required when a federal inmate demands a twelve-month RRC placement based upon the Second Chance Act. Inmates must administratively exhaust RRC placement claims. *See McDowell v. Holder,* No. 10-197-JBC, (E.D. Ky.) [R. 7, p. 5, August 13, 2010]; *Sommerville v. Dewalt*, No. 09–00068-KKC, 2009 WL 1211158, at *3 (E.D. Ky., May 1, 2009); *Simmons v. Zuercher*, No. 09-00049-ART (E.D. Ky.) [R. 7, p. 7, October 20, 2009]; and *Johnson v. Hogsten*, No. 09-00082-GFVT (E.D. Ky.) [R. 7, p. 4, April 15, 2009].

In this case, Brown submitted return receipts indicating that on July 9, 2010, someone at the BOP Central Office signed for a certified mail delivery from him. R. 2-2, p. 18. Brown has not, however, submitted an official receipt from the BOP Central Office acknowledging its receipt of his BP-11 appeal.

Title 28 C.F.R. § 542.18 specifically provides that the BOP Central Office has forty days in which to issue a response to a BP-11. Even assuming that the BOP Central Office received Brown's BP-11 appeal on July 9, 2010, that office had until August 18, 2010 which to issue a response and/or extend the time in which to file its response to Brown's BP-11 appeal. Brown filed this proceeding thirteen days before that deadline, on August 5, 2010.

Given that fact, Brown prematurely filed the instant § 2241 petition prior to receiving the BOP Central Office's decision addressing the merits of his BP-11 appeal. Alternatively, if the BOP opted to waive its right to respond to the BP-11, its failure to do so would constitute a denial of the

appeal. *See* § 542.18. But even so, Brown could not have determined whether the BOP Central Office had waived issuing a response until the forty-day deadline expired on August 18, 2010. Because Brown prematurely filed his § 2241 petition before receiving the BOP Central Office's response, the Court will dismiss the petition without prejudice to full completion of the administrative remedy process. As Brown does not ask that his RRC confinement begin until December 30, 2010, some four months from now, requiring completion of the administrative remedy process will not prejudice him.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Brown's 28 U.S.C. § 2241 petition for a writ of habeas corpus, R. 2, is **DENIED.**

(2) This action is **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This the 1st day of September, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge